J-A35017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ETHAN HANNOLD, | |
| Appellant | No. 1088 WDA 2014 |

Appeal from the Judgment of Sentence June 18, 2014
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000170-2013

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ETHAN HANNOLD, | |
| Appellant | No. 1089 WDA 2014 |

Appeal from the Judgment of Sentence June 18, 2014
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000041-2014

BEFORE:  BENDER, P.J.E., SHOGAN, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 05, 2016**

Appellant, Ethan Hannold, appeals from the judgment of sentence entered June 18, 2014, in the Court of Common Pleas of Clarion County. We affirm.

The trial court summarized the factual history of these cases as follows:

These cases involve two brutal and senseless attacks on innocent women. During the one incident, at case number 170 CR 2013, [Appellant] executed a plan of running a young woman off the road with his car and then coming to her aide for the bizarre purpose of making himself feel good about helping someone. When the young woman told [Appellant] her father was coming and she did not need his help, he felt rejected and became incensed and punched her many times through her open car window, breaking her nose and bloodying her face. He then sexually assaulted her by grabbing her between her legs and ripping her pants off. He tried to pull her out through the window, but he fell down and she managed to get away.

In the second case, number 41 CR 2014, [Appellant] drove up behind a woman who was walking in town in a residential area. Without warning, he ran her down with his car and then fled the scene. She suffered a traumatic brain injury.

Trial Court Opinion, 9/5/14, at 1.

As a result of both incidents, Appellant was charged with multiple crimes. Appellant proceeded to negotiate plea agreements in both cases. At 170 CR 2013, Appellant entered a guilty plea on August 28, 2013, to aggravated assault, robbery by threat of immediate serious injury, recklessly endangering another person ("REAP"), and indecent assault by forcible compulsion. All other charges were *nol prossed* by the Commonwealth. The indecent assault charge required an assessment by the Sexual Offenders Assessment Board to determine if Appellant was a sexually violent predator "SVP"). Appellant moved for appointment of his own expert psychiatrist and for *in forma pauperis* ("IFP") status. The trial court granted both motions.

Prior to the SVP hearing, the Commonwealth filed a motion to compel Appellant to produce his expert witness report. The trial court granted the

motion to compel Appellant to provide the expert report, and subsequently denied Appellant's motion to reconsider that decision. The SVP hearing was held on May 16, 2014. Following the hearing, the trial court deemed Appellant to be an SVP.

At 41 CR 2014, Appellant entered a guilty plea on June 18, 2014, to aggravated assault. All other charges were *nol prossed* by the Commonwealth.

On June 18, 2014, Appellant was sentenced, at both dockets, to an aggregate sentence of twenty-five to fifty years of incarceration in conformity with the plea agreements. The sentence included lifetime registration as an SVP. Appellant timely appealed. Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925.[1]

Appellant presents the following issues for our review:

I. Whether [Appellant's] guilty plea was not knowingly, intelligently, and voluntarily made because (1) [Appellant] was not made aware of all defenses potentially available in his case, including insanity or mental infirmity and (2) [Appellant] suffers from mental illness such that he was incapable of making a knowing, intelligent and voluntary plea.

II. Whether [Appellant's] trial, guilty plea, and sentencing counsel, John Lackatos, Esquire, was incompetent and or ineffective in the following ways (1) in failing to obtain a mental health examination of [Appellant] to determine his competency to participate in his defense, (2) in failing to attend [Appellant's] sex offender assessment interview, (3) in failing to advise

---

[1] This Court, *sua sponte*, consolidated the appeals by order entered August 8, 2014.

[Appellant] on the defenses of insanity or mental infirmity, and (4) in failing to present evidence of [Appellant's] mental illness as a mitigating factor at the time of sentencing.

III. Whether the trial court, by order granting motion to compel [Appellant] to provide expert report signed on April 29, 2014 and order denying motion to reconsider entered on May 12, 2014, committed reversible error by ordering that the defense produce a report of an expert who the defense did not intend to call as a witness at a sexually violent predator hearing.

Appellant's Brief at 6 (full capitalization omitted).

In his first claim, Appellant argues that the trial court erred in accepting his guilty pleas because the pleas were not knowingly, intelligently and voluntarily made. Appellant's Brief at 15. Appellant asserts two bases for this alleged error. Appellant first contends that the pleas were not knowingly, intelligently, and voluntarily made because Appellant was not made aware of all defenses potentially available to him. *Id.* at 15-16. Appellant also maintains that he suffers from mental illness such that he is incapable of making a knowing, intelligent, and voluntary plea. *Id.* at 16-17.

Before addressing the merits of Appellant's claims, we first note that a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); *Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013). "Failure to employ either measure results in waiver." *Id.* at 610.

- 4 -

Here, Appellant did not object during either of his plea colloquies. As noted by the trial court, "[t]o the contrary, [Appellant] stated during written and verbal plea colloquies . . . that he had not been a patient in a hospital, he was not under doctor's care or taking medication and he understood his rights and had no questions." Trial Court Opinion, 9/5/14, at 6. Furthermore, Appellant did not seek to withdraw his plea through a post-sentence motion within ten days of sentencing. Thus, this issue is waived.

In his second issue, Appellant contends that the trial court erred in accepting Appellant's guilty pleas because trial counsel was ineffective. Appellant's Brief at 18. Appellant maintains that trial counsel was ineffective for failing to obtain a mental health examination of Appellant; failing to attend Appellant's sex offender assessment interview; failing to advise Appellant on the defenses of insanity or mental infirmity; and failing to present evidence of Appellant's mental illness as a mitigating factor at the time of sentencing. *Id.* at 18-21.

Due to the procedural posture of this matter, Appellant's issue is not properly before our Court. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reiterated the holding from **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), and stated that generally, "claims of ineffective assistance of counsel are to be deferred to PCRA[2] review; trial

---

[2] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.

courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, 79 A.3d at 576. The **Holmes** Court, however, recognized two exceptions to the general rule whereby claims of ineffective assistance of counsel could be raised on direct appeal: (1) where the trial court determines that a claim of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted; or (2) where the trial court finds good cause for unitary review, and the defendant makes a knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. **Id.** at 564, 577 (footnote omitted).

Here, Appellant did not satisfy either of the aforementioned exceptions. The trial court did not conclude that Appellant's claim of ineffectiveness is meritorious and apparent from the record necessitating immediate consideration, and Appellant has not expressly waived his right to pursue PCRA review. Trial Court Opinion, 9/5/14, at 5. Accordingly, we dismiss this claim without prejudice to Appellant's right to seek collateral review under the PCRA.

In his third claim, Appellant argues that the trial court erred in compelling Appellant to provide to the Commonwealth the report from an expert whom Appellant did not intend to call as a witness at the SVP

hearing. Appellant's Brief at 21. Appellant contends that the court's mandated production of this report violated the work product privilege. ***Id.*** at 22. More troubling however, Appellant contends, is the fact that the report was ordered to be turned over to the Commonwealth prior to Appellant pleading guilty at 41 CR 2014. ***Id.*** at 22-23. Appellant maintains that information in that report may have been incriminating to Appellant and may have impacted the charges brought against him at 41 CR 2014.[3] ***Id.*** at 23. Appellant asserts that such action violates his Fifth Amendment right against self-incrimination. ***Id.***

We are unable to reach the merits of Appellant's claim because he has waived this issue. As this Court has explained:

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea. ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008).
>
> Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him. ***Boykin v. Alabama***, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (knowing and voluntary guilty plea waives **privilege against self-incrimination**, right to jury trial, and right to confront one's accusers). Furthermore, a defendant

---

[3] We note that the charges filed against Appellant at 41 CR 2014 were not of the nature that would require a determination as to whether Appellant was an SVP.

is permitted to waive fundamental constitutional protections in situations involving far less protection of the defendant than that presented herein. [**See**, **e.g.**], **Peretz v. United States**, 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) ([stating:] "The most basic rights of criminal defendants are ... subject to waiver"); **Johnson v. Zerbst**, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) ([stating] sixth amendment right to counsel may be waived).

> **Commonwealth v. Byrne**, 833 A.2d 729, 735–36 (Pa.Super.2003).

**Lincoln**, 72 A.3d at 609 (emphasis added).

Appellant's claim does not challenge the court's jurisdiction. Furthermore, Appellant's stated issue does not pertain to the legality of his sentence or the validity of his plea. Accordingly, Appellant has waived his right to raise this claim on direct appeal.

Judgments of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2016